IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

APR 2 1 2005

Clerk

By:

Deputy Clerk

| | |
|---|---|
| **GEORGE WIMBERLY, JR.,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | **CIVIL ACTION FILE** |
| **vs.** ) | **NO. 1 05-CV 1055** |
| ) | |
| **LEND LEASE REAL ESTATE** ) | |
| **INVESTMENTS, INC., OTIS** ) | |
| **ELEVATOR COMPANY,** ) | **RWS** |
| **MONARCH CENTRE** ) | |
| **ASSOCIATES, LLC, GRUBB &** ) | |
| **ELLIS MANAGEMENT** ) | |
| **SERVICES, INC., AND XYZ** ) | |
| **CORP.,** ) | |
| ) | |
| **Defendants.** ) | |

## NOTICE OF REMOVAL

Defendant **OTIS ELEVATOR COMPANY,** by and through its counsel,

files this Notice of Removal pursuant to 28 U.S.C. §§ 1441 and 1446. In support of

this Notice of Removal, Defendant Otis Elevator Company states as follows:

1.

On or about March 22, 2005, Plaintiff George Wimberly, Jr ("Plaintiff")

filed a Complaint against Defendant Otis Elevator Company in the State Court of

Fulton County, Georgia ("Fulton County State Court"). Defendant Otis Elevator

Company was served with the Summons and Complaint and discovery requests on

March 22, 2005. True and correct copies of the pleadings served upon Defendant

Otis Elevator Company are attached hereto as Exhibit "A." On April 20, 2005,

Defendant Otis Elevator Company filed its Answer in the State Court of Fulton

County, Georgia. A true and correct copy of Defendant Otis Elevator Company's

Answer is attached hereto as Exhibit "B."

2.

Removal from the Fulton County State Court to this Court is proper pursuant

to 28 U.S.C. § 1441(a). This Court has removal jurisdiction because it would have

original jurisdiction over this action, pursuant to 28 U.S.C. § 1332(a)(3).

Specifically, this is a civil action where· (i) Plaintiff seeks to recover damages for

past medical expenses, present medical expenses, future medical expenses; other

past, present, and future necessary expenses, past, present, and future pain and

suffering; past, present, and future mental and emotional pain and suffering, past,

present, and future lost wages, diminished earning capacity, or other financial pain;

permanent disfigurement; and any other damages allowed under Georgia law

(Complaint ¶ 40); (ii) Plaintiff seeks unspecified money damages, but based on the

contentions of the Complaint, the amount in controversy exceeds the sum of

$75,000, exclusive of interest and costs; and (iii) complete diversity of citizenship

exists between Plaintiff and the Defendants in that Defendant Otis Elevator

Company is a New Jersey corporation with its principal place of business in Connecticut (Complaint ¶ 2), Defendant Lend Lease Real Estate, Inc. is a Delaware corporation (Complaint ¶ 1), Defendant Monarch Centre Associates, LLC is a Delaware Corporation (Complaint ¶ 3), Defendant Grubb & Ellis Management Services, Inc. is a Delaware Corporation (Complaint ¶ 4), and upon information and belief, Plaintiff is a resident of Georgia

3.

As provided by 28 U.S.C. § 1446(d), written notice of the filing of this Notice of Removal will be given promptly to Plaintiff and, together with a copy of the Notice of Removal, has been filed with the clerk of the State Court of Fulton County, State of Georgia, a copy of which has been attached hereto as Exhibit "C."

4.

Defendants Lend Lease Real Estate, Inc., Monarch Centre Associates, LLC, and Grubb & Ellis Management Services consent to the removal of this action. Defendants Lease Real Estate, Inc., Monarch Centre Associates, LLC, and Grubb & Ellis Management Services will also separately file their Notices of Consent to Removal.

**WHEREFORE**, Defendant prays that the above action now pending against

it in the State Court of Fulton County, State of Georgia, be removed therefrom to

this Court.

This ___21st___ day of April, 2005.

Respectfully submitted,

SWIFT, CURRIE, McGHEE & HIERS

M. DIANE OWENS
Georgia State Bar No. 557490
CAROLYN CAIN BURCH
Georgia State Bar No. 094515
Attorneys for Defendant Otis Elevator
Company

Swift, Currie, McGhee & Hiers, LLP
The Peachtree, Suite 300
1355 Peachtree Street, N.E.
Atlanta, Georgia 30309

**CT** CORPORATION
A WoltersKluwer Company

**Service of Process**
**Transmittal**
03/22/2005
Log Number 510060762



TO·    Peter Holland
Otis Elevator Company
One Farm Springs
Farmington, CT. 06032-

RE·   **Process Served in Georgia**

FOR:    Otis Elevator Company (Domestic State NJ)

ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS·

| | |
|---|---|
| **TITLE OF ACTION:** | George Wimberly, Jr Pltf Vs Lend Lease Real Estate Investments, Inc , et al, including Otis Elevator Company Dfts |
| **DOCUMENT(S) SERVED,** | Summons Complaint Req to Produce, Interrogatories |
| **COURT/AGENCY:** | Fulton County State Court Georgia, GA<br>Case # 05VS079182 |
| **NATURE OF ACTION:** | Personal Injury - Failure to Maintain Premises in a Safe Condition - Sustained 4-·1-05 |
| **ON WHOM PROCESS WAS SERVED** | C T Corporation System, Atlanta GA |
| **DATE AND HOUR OF SERVICE** | By Process Server on 03/22/2005 at 09 50 |
| **APPEARANCE OR ANSWER DUE** | 30 Days |
| **ATTORNEY(S) / SENDER(S),** | Stevenia Suns<br>Davis Zipperman Kirschenbaum & Lotito<br>918 Ponce de Leon Ave<br>Atlanta GA 30306 |
| **REMARKS** | Served by the Marshal |
| **ACTION ITEMS** | SOP Papers with Transmittal, via Fed Ex 2 Day, 791014423746 |
| **SIGNED:**<br>**PER,**<br>**ADDRESS** | C T Corporation System<br>Allan Farnell<br>1201 Peachtree Street,N E<br>Atlanta GA, 30361 |
| **TELEPHONE·** | 404-888-6488 |

Page 1 of 1 / CZ

Information displayed on this transmittal is for CT Corporation's
record keeping purposes only and is provided to the recipient for
quick reference This information does not constitute a legal
opinion as to the nature of action, the amount of damages, the
answer date, or any information contained in the documents
themselves Recipient is responsible for interpreting said
documents and for taking appropriate action



## IN THE STATE COURT OF FULTON COUNTY

### STATE OF GEORGIA

| | | |
|---|---|---|
| GEORGE WIMBERLY, JR., | * | |
| Plaintiff, | * | |
| | | CIVIL ACTION FILE NO. |
| v. | * | |
| LEND LEASE REAL ESTATE | * | |
| INVESTMENTS, INC., OTIS | | |
| ELEVATOR COMPANY, MONARCH | * | |
| CENTRE ASSOCIATES, LLC, GRUBB & | | |
| ELLIS MANAGEMENT SERVICES, INC. | * | |
| and XYZ CORP., | | |
| | * | |
| Defendants. | | |
| | * | |

### PLAINTIFF'S COMPLAINT

NOW COMES GEORGE WIMBERLY, JR. and files this his Complaint against Defendants LEND LEASE REAL ESTATE INVESTMENTS, INC., OTIS ELEVATOR COMPANY, MONARCH CENTRE ASSOCIATES, LLC, GRUBB & ELLIS MANAGEMENT SERVICES, INC. and XYZ CORP. for personal injury, based upon the following facts, to-wit

1

Defendant LEND LEASE REAL ESTATE INVESTMENTS, INC ("Lend Lease") is a Delaware corporation duly qualified to do business in the State of Georgia whose principal place of business is located at 3424 Peachtree Road, N E , Suite 800, Atlanta, Fulton County, Georgia and is subject to the jurisdiction and venue of this court Said Defendant may be served with process by serving its registered agent, C T. Corporation System, at 1201 Peachtree Street, Atlanta, Fulton County, Georgia 30361

DAVIS ZIPPERMAN
KIRSCHENBAUM & LOTTTO
918 Ponce de Leon Ave N E
Atlanta, Georgia 30306-4212
(404) 688-3000
(404) 872-1622 + Facsimile

2

Defendant OTIS ELEVATOR COMPANY ("Otis") is a New Jersey corporation duly qualified to do business in the State of Georgia whose principal place of business is located at 1 Farm Springs Road, Farmington. Connecticut 06032 and is subject to the jurisdiction and venue of this court. Said Defendant may be served with process by serving its registered agent, C T Corporation System, at 1201 Peachtree Street, Atlanta, Fulton County, Georgia 30361.

3

Defendant MONARCH CENTRE ASSOCIATES, LLC ("Monarch") is a Delaware corporation duly qualified to do business in the State of Georgia whose principal place of business is located at 3424 Peachtree Road N E , Atlanta, Fulton County, Georgia and is subject to the jurisdiction and venue of this court. Said Defendant may be served with process by serving its registered agent, C T Corporation System, at 1201 Peachtree Street, Atlanta, Fulton County, Georgia 30361

4

Defendant GRUBB & ELLIS MANAGEMENT SERVICES INC ("Grubb & Ellis") is a Delaware corporation duly qualified to do business in the State of Georgia whose principal place of business is located at 2215 Sanders Road. Suite 400, Northbrook, Illinois and is subject to the jurisdiction and venue of this court as a joint tortfeasor and pursuant to O C G A §§ 9-10-91 and 14-2-510(b)(3).  Said Defendant may be served with process by serving its registered agent, The Prentice-Hall Corporation, at 40 Technology Park, Suite 300, Norcross, Gwinnett County, Georgia 30092

5

Defendant XYZ Corp is a corporation, limited liability company, partnership, individual or other entity whose correct identity is currently unknown and is subject to the jurisdiction and venue of this Court as a joint tortfeasor and pursuant to O C.G A §§ 9-10-91 and 14-2-510(b)(3)

6

Defendants Lend Lease, Monarch. Grubb & Ellis and XYZ Corp. are the owners, managers

DAVIS ZIPPERMAN
KIRSCHENBAUM & LOTITO
918 Ponce de Leon Ave  N E
Atlanta, Georgia 30106 4212
(404) 688 2000
(404) 872 1622 + Facsimile

M:\SAS\wp\CJW\WIMBERLY CMP.wpd                          Page 2

and/or operators of an office building known as Monarch Centre and/or Monarch Tower and located

at or about 3424 Peachtree Road. N E , Atlanta, Georgia 30326 (hereinafter the "Building")

7

Plaintiff shows, upon information and belief, that in April of 2003, and on April 11, 2003 in

particular, Defendant Otis was employed by Lend Lease to maintain and keep the elevators at the

Building in good repair and a safe operating condition

8.

On or about April 11, 2003, Plaintiff had come to the Building for the purpose of picking up

a package from a business located in the Building when he entered into a freight elevator on or about

the 16th floor of the Building for the purpose of descending to the ground floor of the Building

9

As Plaintiff was riding in the aforementioned freight elevator the elevator began, suddenly

and without warning, to descend at a rapid and unsafe speed and fell several floors before

decelerating and coming to a sudden stop and causing injury to Plaintiff

10

Plaintiff was an invitee on the premises of Defendants Lend Lease, Monarch, Grubb & Ellis

and/or XYZ Corp

11

Defendants were aware or should have been aware that the elevator was broken and not

operating properly and constituted a dangerous and hazardous condition

12

Defendants' failure to correct a dangerous and hazardous condition was negligent and

was not in accordance with the standards of what a reasonably prudent person would have done

under the circumstances

13

Defendants Lend Lease, Monarch. Grubb & Ellis and XYZ Corp  and the employees

DAVIS ZIPPERMAN.
KIRSCHENBAUM & LOTITO
919 Ponce de Leon Ave , N E
Atlanta Georgia 30306-4212
(404) 688 2000
(404) 872-1622 + Facsimile

M \SASwp\CIVIWIMBERLY CMP wpd                    Page 3

and/or agents of Defendant Otis failed to properly inspect and keep the subject elevator in good and safe working condition or to properly shut down, secure and barricade the subject elevator until it had been properly repaired

14

Defendants' failure to properly maintain and repair the subject escalator was a violation of the applicable building and safety codes of the Georgia Department of Labor and/or the city of Atlanta, Georgia and constituted negligence per se

15

In addition, Defendants failed to properly inspect the aforementioned elevator and were aware or should have been aware that the aforementioned elevator was not operating properly and constituted a dangerous condition

16

Plaintiff was not negligent in any regard

17

As a direct and proximate result of Defendants' joint and several negligence, Plaintiff has sustained severe and debilitating personal injuries, incurred medical expenses for his care and treatment in the approximate amount of $17,841 11, experienced mental pain and suffering, endured physical pain and suffering, and upon information and belief, will suffer or will incur some or all of these damages in the future

**WHEREFORE, PLAINTIFF PRAYS AS FOLLOWS.**

a)      That process issue in terms of such cases as made and provided by law,

b)      That judgment be granted for Plaintiff and against Defendants, jointly and severally, in such an amount as shall be deemed appropriate in the enlightened conscience of a fair and impartial jury,

c)      For such other and further relief as this Court may deem equitable and just, and

d)      Plaintiff demands a jury trial

DAVIS ZIPPERMAN
KIRSCHENBAUM & LOTTTO
918 Ponce de Leon Ave , N E
Atlanta Georgia 30306-4212
(404) 688 2000
(404) 872 1622 + Facsimile

M:\SAS\aic\KIMBERLY CMP wpd                                      Page 4

Respectfully submitted,

DAVIS, ZIPPERMAN, KIRSCHENBAUM & LOTITO

BY _____
      STEVEN A SUNA
      Georgia Bar No 692349

918 Ponce de Leon Avenue. NE
Atlanta, GA 30306
(404) 688-2000

MONTLICK & ASSOCIATES P C

BY· _____ (by SAS)
      ALAN Y SALTZMAN
      Georgia Bar No 623415

Suite 310
17 Executive Park Drive
P.O Box 95406
Atlanta, GA 30347-0406
(404) 235-5000

DAVIS ZIPPERMAN,
KIRSCHENBAUM & LOTITO
918 Ponce de Leon Ave , N E
Atlanta Georgia 30306 4212
(404) 688-2000
(404) 872-1622 + Facsimile

M \SAS\wp\CIM\KIMBERLY CMP wpd           Page 5

## IN THE STATE COURT OF FULTON COUNTY

### STATE OF GEORGIA

| | |
|---|---|
| GEORGE WIMBERLY, JR , | * |
| Plaintiff, | * |
| v. | CIVIL ACTION FILE NO. |
| | * |
| LEND LEASE REAL ESTATE INVESTMENTS, INC., OTIS ELEVATOR COMPANY, MONARCH CENTRE ASSOCIATES, LLC, GRUBB & ELLIS MANAGEMENT SERVICES, INC and XYZ CORP., | * |
| Defendants. | * |

### REQUEST TO PRODUCE AND NOTICE TO PRODUCE

NOW COMES Plaintiff in the above-styled action and pursuant to O C G A Section 9-11-34, requests Defendant(s) to produce to Plaintiffs' attorney at his office at 918 Ponce de Leon Avenue, NE, Atlanta, Georgia, 30306, forty-five (45) days after the date of this Requests or at such time as may be agreed upon by counsel for the parties, the following  (This Request may be complied with by mailing copies of the documents requested directly to Plaintiffs' attorney's office)

You are further notified pursuant to O C G A Section 24-10-26 to produce all of the requested documents at the time of the taking of any deposition, any hearing in the matter and at trial from time to time and term to term until the case is concluded

1

All statements, including recorded statements or transcripts thereof, taken of Plaintiff George Wimberly, Jr

TAVIS ZIFFERMAN
KIRSCHENBAUM & LOTITO
918 Ponce de Leon Ave  N E
Atlanta, Georgia 30306-4212
(404) 688-3000
(404) 872-1633 + Facsimile

M:\SASwp\CIVI\WIMBERLY R7P0.wpd                    Page 1

2

Transcripts of all recorded statements of any Defendant's employees, agents, contractors or subcontractors taken by any adjuster, agent or employee of any Defendant or any Defendant's insurance company relating to Plaintiff or the incident described in Plaintiff's complaint

3

Copies of all work orders, purchase orders, incident, accident, inspection or other reports in your possession relating to Plaintiff or the incident described in Plaintiff's Complaint, specifically including but not limited to all reports and documents identified in your response to Plaintiff's First Interrogatories to Defendants and any reports required or provided pursuant to O.C G A § 8-2-106

4

All witness statements and transcripts of recorded witness statements taken by any Defendant or any Defendant's insurance company relating to Plaintiff or the incident described in Plaintiff's complaint

5

Any and all documents in any Defendants' possession signed by or on behalf of the Plaintiff

6

Any employment records, medical records, personnel records, military service records, schooling records or criminal records pertaining to Plaintiff George Wimberly, Jr in Defendant's possession or control

7

A copy of your insurance or self-insurance policy applicable to this case

DAVIS ZIPPERMAN
KIRSCHENBAUM & LOTITO
613 Ponce de Leon Ave  N E.
Atlanta, Georgia 30306 4212
(404) 688-2000
(404) 872 1622 + Facsimile

M:\SASwp\CD\WIMBERLY RPD wpd                      Page 2

8

A copy of the report of any expert witness you have retained to testify at trial

9

All documents. letters and other tangible items relied upon by you to demonstrate or support any facts relevant to the above-captioned civil action [E H Siler Realty & Bus Broker, Inc v Sanderlin, 158 Ga.App 796, 282 S E 2d 381 (1981)]

10

All documents, letters and other tangible items relating to Plaintiff George Wimberly, Jr , specifically including, but not limited to, any records regarding any medical care or treatment received by Plaintiff George Wimberly, Jr , any application for or payment of insurance benefits with regard to Plaintiff George Wimberly, Jr , any records of any claims for prior or subsequent personal injuries made or submitted by Plaintiff George Wimberly, Jr to any person or entity other than the Defendants. and any photographs, film, diagrams, drawings, movies, digitally or electronically recorded or stored images. films. audio recordings or videotapes of Plaintiff George Wimberly. Jr

11

All diagrams, blueprints, surveys, plats, photographs, films, electronically or digitally stored or recorded images. movies, video tapes and other documents describing, depicting or relating to the freight elevators at 3424 Peachtree Road, N E , Atlanta, Georgia.

12

All documents, letters and other tangible items which evidence or relate, directly or indirectly, to the repair, inspection, maintenance or physical condition of any of the elevators located at 3424 Peachtree Road, N E , Atlanta. Georgia during the month of April 2003, specifically

DAVIS ZIPPERMAN
KIRSCHENBAUM & LOTITO
915 Ponce de Leon Ave  N E
Atlanta, Georgia 30306-4212
(414) 688 2000
(404) 872 1622 + Facsimile

M \SASwe\CIV WIMBERL Y RPD wpd                        Page 3

including, but not limited to, all contracts, work logs and records, maintenance logs and records, correspondence, inspection reports, accident or incident reports, employee time records, purchase orders and work orders

13

A copy of all documents, letters and other tangible items which evidence or describe the terms or provisions of your contract or agreement with any other person, business or entity for the performance of repair or maintenance services for any of the elevators at 3424 Peachtree Road, N E , Atlanta, Georgia and which were in effect on April 11, 2003

14

All documents, letters and other tangible items which evidence any fact or circumstance supporting any of the allegations set forth in Plaintiffs' Complaint or any defense asserted by any Defendant in their Answer

15

All documents, letters and other tangible items identified or described in your response to Plaintiffs' First Interrogatories to Defendants

16

All documents, letters and other tangible items which evidence or relate, directly or indirectly, to your purchase, and/or sale of the real property located at 3424 Peachtree Road, N E , Atlanta, Georgia, specifically including, but not limited to, any real estate sales contracts, closing statements, bills of sale, deeds, elevator inspection reports and real estate transfer tax declarations

17

DAVIS, ZIPFERMAN
KIRSCHENBAUM & LOTITO
918 Ponce de Leon Ave, N E
Atlanta, Georgia 30306-4212
(404) 588-2000
(404) 872 1622 + Facsimile

All documents, letters and other tangible items relating to or describing your policies,

procedures or guidelines in effect on April 11, 2003 regarding or relating to the inspection and/or maintenance of the elevators at 3424 Peachtree Road, N E , Atlanta, Georgia

18

All documents, letters and other tangible items, specifically including but not limited to all incident, accident, inspection, repair or other reports and records in your possession, relating to any complaint, notice, incident or injury described or identified in your response to paragraph 21 of Plaintiff's First Interrogatories to Defendants, including but not limited to any reports required or provided pursuant to O C G.A § 8-2-106

19

All documents, letters and other tangible items identified or described in your response to paragraph 20 of Plaintiff's First Interrogatories to Defendants

20

All drawings, diagrams, photographs, films, electronically or digitally stored or recorded images, movies, video tapes, audio recordings and other documents describing, showing, depicting or relating to (i) the incident described in Plaintiff's complaint or (ii) any of the freight elevators at 3424 Peachtree Road, N E , Atlanta, Georgia on April 11, 2003 between 12 00 o'clock p m and 6 00 o'clock p m

21

A copy of all elevator operating permits issued for or with respect to the freight elevators for the premises located at 3424 Peachtree Road, N E , Atlanta, Georgia and in effect on April 11, 2003

Respectfully submitted.

DAVIS, ZIPPERMAN, KIRSCHENBAUM & LOTTITO

DAVIS ZIPPERMAN
KIRSCHENBAUM & LOTTITO
9'8 Ponce de Leon Ave N E
Atlanta, Georgia 30306 4212
(404) 688 2000
(404) 872 '622 + Facsimile

M1SASwp\C\VWIMBERLY RPD wpd

Page 5

By _____

   Steven A Suna
   Georgia Bar No 692349
   Attorney for Plaintiff

918 Poncc de Leon Avenue, NE
Atlanta, GA 30306
(404) 688-2000

DAVIS, ZIPPERMAN,
KIRSCHENBAUM & LOTTO
918 Ponce de Leon Ave  N E.
Atlanta Georgia 30306-42'2
(404) 688-2000
(404) 872-1622 ✦ Facsimile

M:\SAS\wp\C\WIMBERLY.RPO wpd

Page 6

## IN THE STATE COURT OF FULTON COUNTY

### STATE OF GEORGIA

GEORGE WIMBERLY, JR.,                          *

Plaintiff,                                     *

                                               *          CIVIL ACTION FILE NO

\.                                             *

LEND LEASE REAL ESTATE                         *
INVESTMENTS, INC., OTIS
ELEVATOR COMPANY, MONARCH                      *
CENTRE ASSOCIATES, LLC, GRUBB &
ELLIS MANAGEMENT SERVICES, INC. *
and XYZ CORP.,
                                               *
Defendants.
                                               *

## PLAINTIFF'S FIRST INTERROGATORIES AND REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANTS

A

Pursuant to O C G A Section 9-11-33 and 34, you are hereby required to answer under oath

within forty-five (45) days after service hereof, in the form provided by law, the following

Interrogatories and Requests for Production of Documents

B

(1)      You are under a duty seasonably to supplement your response to any questions

directly addressed to the identity and/or location of persons having knowledge of discoverable

matters and the identity of each person expected to be called as an expert witness at trial, the subject

matter of which each is expected to testify and the substance of each one's testimony

(2)      You are under a duty seasonably to amend a prior response if you obtain information

DAVIS ZIPPERMAN
KIRSCHENBAUM & LOTITO
918 Ponce de Leon Ave  N E
Atlanta, Georgia 30306-4212
(404) 688 2000
(404) 872 1622 + Facsimile

*:·SASwp\C\WIMBERLY INT wpd                    Page 1

upon the basis of which (a) you know that the response was incorrect when made, or (b) you know that the response, correct when made, is no longer true, and the circumstances are such that a failure to amend the response is. in substance, a knowing concealment.

## DEFINITIONS AND INSTRUCTIONS

Wherever the following words or phrases are used in the Interrogatories. they shall be deemed to include and require information stated, as follows.

(1)     "Identify", when used with reference to documents or writings shall require as a minimum the following information.

      (a)     date,

      (b)     general description or title,

      (c)     name of person preparing same, if known,

      (d)     name and address of person who has possession of the document or writing,

      (e)     whether you will voluntarily produce said document for inspection and copying

In lieu of the above, a copy may be attached to your answers

(2)     "Identify", when used with reference to persons, firms or corporations. shall require as a minimum the following information'

      (a)     name,

      (b)     address;

      (c)     telephone number,

      (d)     employer,

DAVIS ZIPTERMAN
KIRSCHENBAUM A LOTITO
718 Ponce de Leon Ave N E
Atlanta, Georgia 30806-4212
(404) 688-2000
(404) 872-1622 + Facsimile

M ISASupiCIVIWIMBERLY INT wod

Page 2

(e)    occupation

(3)    "Person" shall be deemed to include individuals, firms and corporations and, in the case of firms and corporations. the individual member(s) or agent(s) thereof with knowledge of the required information

(4)    "Document" shall be deemed to include all records. files. memos. reports  notes. notations, paper, correspondence. letters, writings, lists, instructions, computer generated or stored data, and any and all sound recordings. photographs and tangible things

## INTERROGATORIES

1

Please identify each of your employees who performed maintenance, repair, inspection or any other work on any of the freight elevator's at 3424 Peachtree Road, N E , Atlanta, Georgia during the month of April, 2003  including for each such employee, agent or contractor their title or position at such time. whether or not such employee, agent or contractor is still employed or engaged by you, their current or last known address and telephone number, and if any such employees. agents or contractors are no longer employed or engaged by you, the date on which their service ended

2

Please state the names and addresses of any and all persons who are believed or known by you, your agents or attorneys, to have any personal knowledge concerning the happenings of the incident described in the Complaint or who has heard any Plaintiff make any statements concerning said incident and state briefly what each such person knows

DAVIS ZIPPERMAN
KIRSCHENBAUM & LOTITO
1/8 Ponce de Leon Ave. N E
Atlanta, Georgia 30305-4213
(404) 688-2000
(404) 872 1022 + Facsimile

.. \SASwp\CIVW\MBERLY \INT wpd                    Page 3

3

Please state whether you, your agents, employees or contractors have possession, custody or control of any photographs, films, digitally or electronically stored or recorded images, video tapes, audio recordings or movies of (i) Plaintiff George Wimberly, Jr., (ii) the incident described in Plaintiff's complaint or (iii) any of the freight elevators at 3424 Peachtree Road, N E , Atlanta, Georgia on April 11, 2003 between 12 00 o'clock p m and 6.00 o'clock p m

4

If the answer to the preceding Interrogatory is in the affirmative, please state the number of such photographs, films, digitally stored images, video tapes or movies and with respect to cach such photograph, film, digitally or electronically stored or recorded image, video tape, audio recording or movie.

(a)    the name and address of each party who was the subject of the photograph, film, digitally or electronically stored or recorded image, video tape, audio recording or movie.

(b)    the date the photograph, film, digitally or electronically stored or recorded image, video tape, audio recording or movie was taken or created,

(c)    the name and address of the individual who took or recorded the photograph, film, digitally or electronically stored or recorded image, video tape, audio recording or movie, and

(d)    the subject matter of the photograph, film, digitally or electronically stored or recorded image, video tape, audio recording or movie

5

Forty-five (45) days after service hereof, you are requested to provide for inspection and copying at the offices of Davis, Zipperman, Kirschenbaum & Lotito, 918 Ponce de Leon Avenue,

DAVIS ZIPPERMAN
KIRSCHENBAUM & LOTITO
918 Ponce de Leon Ave , N E
Atlanta, Georgia 30306-4712
(404) 688 2000
(404) 872 1622 + Facsimile

M \SAS\wp\CIV WIMBERLY INT wpc                Page 4

NE, Atlanta, Georgia 30306, all such materials referred to in the preceding Interrogatory  In lieu of this, you may attach copies thereof to your answers to these Interrogatories

6

Please state when the freight elevators at 3424 Peachtree Road, N E , Atlanta, Georgia were last inspected by a trained or certified elevator inspector or repair person prior to the incident described in Plaintiff's complaint and by identify the person(s) who performed such inspection.

7

State whether you, your attorneys, your insurance carrier or anyone acting on your or their behalf obtained statements in any form from any persons regarding any of the events or happenings referred to in the Complaint. If so, state with respect to each such statement

     (a)    the name and address of the person(s) giving any such statement,

     (b)    the name and address of the person(s) to whom such statement was made,

     (c)    the date the statement was made,

     (d)    the form of the statement, whether written, oral, by recording device or to a stenographer,

     (e)    whether the statement, if written, was signed.

     (f)    the names and addresses of all persons presently having custody of the statement

     (g)    please produce the statement(s)

8

Please state if an inspection, accident, incident or other report concerning the incident described in Plaintiff's Complaint was prepared by any employee, contractor or agent of yours at or about the time of such incident, and if so, please state for each such report

DAVIS ZIMMERMAN
HIRSCHENBAUM & LOTITO
918 Ponce de Leon Ave  N E.
Atlanta, Georgia 70306-4212
(404' 688-2000
(4"4) 872-1622 + Facsimile

M:\SASwp\CMW\MBER\V\INT.wpd

Page 5

    a)     by whom such report was prepared,

    b)     the date and time such report was prepared,

    b)     the current custodian of such report,

    c)     whether or not such report was prepared in the normal course of Defendant's

business, and

    d)     describe the contents of such report

9

State whether there is or was in existence any policy of liability insurance or plan of liability self-insurance which would or might inure to the benefit of any of the Plaintiffs herein, by providing for payment of a part of or all of any judgment rendered in favor of any of the Plaintiffs against any Defendant or against any other person firm or corporation who is or may be liable to any of the Plaintiffs by reason of the incident described in the Complaint, and if the answer is in the affirmative, state as follows as to each such policy of insurance known or believed to exist by your or your attorneys:

    (a)     the name and address of each named insured on each such policy,

    (b)     the name and address of the insurer on each such policy,

    (c)     the relationship, if any, between each named insured on each such policy and any named Defendant(s) in this case,

    (d)     the policy number of each such policy,

    (e)     the name and address of any person, firm or corporation who is or may be an "additional insured" under such policy by reason of the incident described in the Complaint, and the relationship, if any, between such "additional insured" and any named Defendant's in this cause,

DAVIS, ZIPPERMAN
KIRSCHENBAUM & LOTITO
918 Ponce de Leon Ave  N E
Atlanta, Georgia 30306-42 '2
(404) 688-2000
(404) 872 1633 + Facsimile

M\SASwp'CIVVWIMBERLY INT wpd                      Page 6

(f)    the limits of liability in such policy as might be applied to any one Plaintiff by reason of any one incident and the total limits of liability to all person by reason of any one incident,

(g)    whether or not any insurer has notified any insured that said insurer or any other person, firm or corporation must pay a part of or all of any judgment before the insurer must make any payment. If so, what payment must be made and by whom before the insurer must make payment?

(h)    whether or not any insurer has notified any insured that said insurer claims that there is or may be no coverage under the terms of the policy of insurance involved

(I)    if the answer to subparagraph (h) is in the affirmative, describe the reason given for the claimed lack of coverage or failure thereof as stated by said insurer identifying same to said insured (identifying same). and state the date of such notice  [Note  If such policy defense is withdrawn or waived, this subparagraph need not be answered ]

10

Identify all documents, letters and other tangible items relied upon by you to demonstrate or support any facts relevant to the above-captioned civil action. [E H. Siler Realty & Bus  Broker, Inc  v  Sanderlin, 158 Ga App  796, 282 S E 2d 381 (1981)]  In lieu of identifying any such documents and letters you may attach copies of the same to your response to this interrogatory

11

Describe all state and federal statutes, city ordinances, and all other governmental laws, rules, codes or regulations which support your defense

DAVIS ZIPPERMAN
KIRSCHENBAUM & LOTITO
918 Ponce de Leon Ave  N E
Atlanta  Georgia  30106-4212
(404) 521 2000
(404) 875 1632  + Facsimile

M \SASwp\C\VW\WIMBERLY INT wpd                                Page 7

12

State the name, address and telephone number and place of employment of each person you expect to call as an expert witness at the trial of this case and with respect to each such person, state

a)    The subject matter on which such person is expected to testify;

b)    The substance of the facts and opinions to which such person is expected to testify;

c)    A summary of the grounds for each such opinion

13

Identify each individual who has given any opinion or made any representations to you or someone on your behalf concerning, in any respect, any of the allegations set forth in Plaintiff's Complaint or any Defendants' Answer(s)

14

Set forth and describe chronologically the events, as you contend them to have occurred, which are the basis of this civil action

15

If you are asserting any defense of insufficiency of service, insufficiency of service of process, lack of jurisdiction or venue, please describe in detail and with particularity all facts which support such defense(s)

16

If you are asserting any defense of assumption of risk, contributory negligence, comparative negligence or any other affirmative defense, please describe in detail and with particularity all facts which support such defense(s)

DAVIS, ZIPPERMAN
KIRSCHENBAUM & LOTITO
918 Ponce de Leon Ave , N E
Atlanta, Georgia 30306-4212
(404) 688-2000
(404) 872-1622 ✦ Facsimile

M:\SASwp\CIV\WIMBERLY INT wpd                    Page 8

17

Please identify each company, person or other entity which had been hired or retained to maintain, repair or inspect the elevators at 3424 Peachtree Road, N E , Atlanta, Georgia or which otherwise participated in such maintenance, inspection or repair during the period from April 1, 2003 through April 30 2003 and identify each company and each individual employee of such companies who performed such services

18

Identify each person who has participated in the preparation of your response to these interrogatories.

19

Please state whether or not you contend Plaintiff or any other person or entity other than yourself or your employees contributed in any way to the incident described in the Complaint and, if so, state the following

(a)      The name, address and telephone number of the persons or entities whom you contend contributed to the same, and

(b)      Describe in detail the allegations of negligence, intentional torts and all violations of law which you contend were committed by said persons or entities

20

Please describe what actions or measures were taken by you or your employees, agents and/or contractors prior to the incident described in Plaintiff's Complaint, to inspect and maintain the condition of the freight elevators at 3424 Peachtree Road, N E , Atlanta, Georgia

21

DAVIS ZIPPERMAN,
KIRSCHENBAUM & LOTITO
918 Ponce de Leon Ave., N E.
Atlanta, Georgia 30306-4212
(404) 688-2000
(404) 872-1622 ✚ Facsimile

M:\SAS\wp\CIV\WIMBERLY INT wpd          Page 9

Please state whether you or any of your employees, agents or contractors have ever received any complaints or other notice of any defects or other problems with any of the freight elevators at 3424 Peachtree Road, N.E., Atlanta, Georgia at any time from January 1, 2000 through to and including April 30, 2003  If so, please describe in detail and with particularity

   (a)    the date of each such complaint or when such notice first occurred,

   (b)    the identity, including their name, last known address and telephone number of each person who made any such complaint,

   (c)    the nature of the defect or other problem and which elevator or elevators were involved,

   (d)    whether any person was injured or claimed to be injured by or as a result of such defect or other problem and, if so, such person's name, last known address and last known telephone number, and

   (e)    what subsequent actions were taken by you, your agents and/or contrators to correct the defect or other problem and/or prevent a similar occurrence

22.

Please state whom you contend was responsible on April 11, 2003 for inspecting the elevators at 3424 Peachtree Road, N E , Atlanta, Georgia for any defects, broken parts or other problems.

23

Please state whom you contend was responsible on April 11, 2003 for maintaining and keeping the elevators at 3424 Peachtree Road, N E , Atlanta, Georgia in good working order and/or a safe operating condition.

DAVIS ZIPPERMAN,
KIRSCHENBAUM & LOTITO
918 Ponce do Leon Ave. N.E
Atlanta, Georgia 33306-4212
(404) 688 2000
(404) 872-1622 ✦ Facsimile

M \SASwp\CIVIL\KIMBERLY INT wpd                    Page 10

24

Please describe in detail and particularity the nature of and reason for all repairs made to any of the freight elevators at 3424 Peachtree Road. N E , Atlanta, Georgia during the period from April 1, 2003 through and including April 30, 2003 and identify by whom such repairs were made

25

Please describe in detail and particularity what you contend to be the cause or reason for the elevator malfunction described in Plaintiff's complaint.

26

Please state the name and address of each and every person, corporation, limited liability company, partnership or other entity who on April 11, 2003, owned or may have owned any interest in the commercial real property located at 3424 Peachtree Road, N E , Atlanta, Georgia, and for each describe the nature of their ownership interest and the date on which such ownership interest was created or first began

27

Please state the name and address of each and every person, corporation, limited liability company, partnership or other entity who on April 11, 2003, was responsible for operating or managing the real property located at 3424 Peachtree Road, N E , Atlanta, Georgia.

Respectfully submitted,

DAVIS, ZIPPERMAN, KIRSCHENBAUM & LOTITO

BY

Steven A Suna
Georgia Bar No 692349
Attorney for Plaintiff

DAVIS, ZIPPERMAN
KIRSCHENBAUM & LOTITO
918 Ponce de Leon Ave  N E
Atlanta, Georgia 30306-4212
(404) 688-2000
(404) 872-1622 + Facsimile

M \SAS\wp\CIVIL\WIMBERLY INT,wpd

Page 11

918 Ponce de Leon Avenue, NE
Atlanta, GA 30306
(404) 688-2000

DAVIS, ZIPPERMAN
KIRSCHENBAUM & LOTITO
918 Ponce de Leon Ave., N E.
Atlanta, Georgia 10406-4212
(404) 688-2000
(404) 873-1622 + Facsimile

M ISASwp'G/WWMBERLY INT wpd                              Page 12

09/23/2005  14:04    6765035                          OTIS LEGAL                              PAGE  02/25

DO NOT WRITE IN THIS SPACE

COPY

GEORGIA                                               05 US0 79182 C
FULTON COUNTY

STATE COURT OF FULTON COUNTY
    (Civil Division)

# RUSH

__George Wimberly, Jr.__

__(Plaintiff's Name and Address)__
                    vs.

Lend Lease Real Estate Investments,
Inc., Otis Elevator Co., Monarch
Centre Assoc., LLC, Grubb & Ellis
Management Services, Inc. and
XYZ Corp

__(Defendant's Name and Address)__

| TYPE OF SUIT | AMOUNT OF SUIT | |
|---|---|---|
| ☐ Account | Principal | $ |
| ☐ Contract | | |
| ☐ Note | Interest | $ |
| ☐ Tort | | |
| ☐ Trover | Atty Fees | $ |
| ☐ Special Lien | | |
| ☐ Foreign Judgment | Ct Costs | $ |
| ☒ Personal Injury | | |

### SUMMONS

TO THE ABOVE NAMED-DEFENDANT:
    You are hereby required to file with the Clerk of said court and to serve a copy on the
Plaintiff's Attorney, or on Plaintiff if no Attorney, to-wit:

__Steven A. Suna, Esq.__
(Name)
__918 Ponce de Leon Ave., NE, Atlanta__, GA 30306
(Address)
__(404) 688-2000__
(Phone No.)

an answer to the complaint which is herewith served on you, within (30) days after service
on you, exclusive of the day of service.  If you fail to do so, judgment by default will be
taken against you for the relief demanded in the complaint, plus cost of this action.
This ___

                                                      Deputy Clerk

DEFENSE MAY BE MADE, AND JURY TRIAL DEMANDED, if desired, in the Clerk's Office at
TG100, 185 Central Avenue, SW, (Between MLK, Jr. Drive and Mitchell Street), Atlanta, Georgia
30303

    If the sum claimed in the suit, or value of the property sued for, is $300.00 or more
Principal, the defendant must admit or deny the paragraphs of plaintiff's petition by making
written Answer.  Such paragraphs undenied will be taken as true.  If the plaintiff's petition
is sworn to, or if suit is based on an unconditional contract in writing, then the
DEFENDANT'S ANSWER MUST BE SWORN TO

    If the principal sum claimed in the suit, or value of the property sued for, is less
than $300.00 and is on a note, unconditional contract, account sworn to, or the petition
sworn to, defense must be made by filing a sworn Answer setting up the facts relied on as a
defense

SERVED.  This ___22___ day of ___Mar___, 20__

                                                      DEPUTY MARSHAL STATE COURT OF FULTON COUNTY

(Staple to front of SERVICE COPY of complaint)

14-014-1094

## IN THE STATE COURT OF FULTON COUNTY

### STATE OF GEORGIA

GEORGE WIMBERLY, JR.,

    Plaintiff,

vs.

LEND LEASE REAL ESTATE
INVESTMENTS, INC., OTIS
ELEVATOR COMPANY, MONARCH
CENTRE ASSOCIATES, LLC, GRUBB
& ELLIS MANAGEMENT SERVICES,
INC , and XYZ CORP.,

    Defendants

CIVIL ACTION FILE
NO . 05VS079182C

## RULE 5.2 CERTIFICATE OF SERVICE

This is to certify that pursuant to Uniform Superior Court Rule 5 2, I have

this day served counsel for all parties in the above-referenced matter with a copy

of Defendant Monarch Centre Associates, LLC's First Interrogatories to Plaintiff,

and Defendants Lend Lease Real Estate Investments, Inc.'s and Monarch Centre

Associates, LLC's First Request for Production of Documents to Plaintiff, by

depositing a copy of same in the United States Mail in a properly addressed

envelope with adequate postage affixed thereon addressed to

    Mr Steven A Suna
    **DAVIS, ZIPPERMAN, KIRSCHENBAUM
    & LOTITO**
    918 Ponce de Leon Avenue, NE
    Atlanta, Georgia 30306

    Mr Alan Y Saltzman
    **MONTLICK & ASSOCIATES, PC**
    17 Executive Park Drive, Ste. 310
    P.O. Box 95406
    Atlanta, Georgia  30347-0406

-1-

Otis Elevator Company
c/o C.T. Corporation System
1201 Peachtree Street
Atlanta, Georgia 30361

Grubb & Ellis Management Services, Inc
c/o Prentice-Hall Corporation
40 Technology Park
Suite 300
Norcross, Georgia 30092

This 21st day of April, 2005

### MABRY & McCLELLAND, LLP

By.

Walter B McClelland
Georgia Bar No. 483500
James W Scarbrough
Georgia Bar No. 628328
Attorneys for Defendants Lend Lease
Real Estate Investments, Inc. and
Monarch Centre Associates, LLC

-2-

## IN THE STATE COURT OF FULTON COUNTY

### STATE OF GEORGIA

| GEORGE WIMBERLY, JR, | * | |
|---|---|---|
| Plaintiff, | * | |
| vs | * | CIVIL ACTION FILE |
| | * | NO  05VS079182C |
| LEND LEASE REAL ESTATE INVESTMENTS, INC , OTIS ELEVATOR COMPANY, MONARCH CENTRE ASSOCIATES, LLC, GRUBB & ELLIS MANAGEMENT SERVICES, INC., and XYZ CORP , | * | |
| Defendants. | * | |

### DEFENDANT MONARCH CENTRE ASSOCIATES, LLC'S FIRST INTERROGATORIES TO PLAINTIFF

NOW COMES MONARCH CENTRE ASSOCIATES, LLC, named as one

of the Defendants in the above-styled case, and requires that the Plaintiff answer

the following Interrogatories pursuant to O C G A §9-11-33, et seq (Michie,

1982), under oath, within thirty (30) days after service, and a copy of the answers

be furnished to Defendants' attorneys, MABRY & McCLELLAND, 2200 Century

Parkway, N E , Tenth Floor, Atlanta, Georgia 30345

NOTE A  When used in these Interrogatories, the term Plaintiff or any

synonym thereof is intended to and shall embrace and include, in addition to said

Plaintiff, all agents, servants, representatives, private investigators and others

who are in a position of or may have obtained information for or on behalf of

Plaintiff

NOTE B.  These Interrogatories shall be deemed continuing so as to

require supplemental answers if you or your attorneys obtain further information

-1-

between the time answers are served and the time of trial  Any such supplementary answers are to be filed and served upon Counsel for Defendant within thirty (30) days from receipt of such additional information, but not later than the time of trial

## INTERROGATORIES

1

What is your full name, date and place of birth, and social security number?  If you have ever been known by any other names, please list those names and where and when you used such names

2.

Describe fully and completely every criminal charge to which you have pled guilty, nolo contendere, or been found guilty of.

3

Describe fully all alcoholic beverages or drugs, pain killers, tranquilizers, stimulants, sleeping pills or any other form of medication or intoxicant, whether legal or otherwise, which you consumed within twenty-four (24) hours immediately preceding the incident complained of.

4

Describe fully and completely how the occurrence complained of in this action happened, giving all the events in detail which had any bearing on the cause and manner of the happening of this occurrence

-2-

5

State the names, addresses, telephone numbers, and places of employment of all persons known to you, either from your own investigation or from any investigation made on your behalf:

(a) Who may have or claim to have seen any part of the occurrence complained of;

(b) Who may have or claims to have arrived at the scene of the occurrence complained of immediately or shortly after its happening; and

(c) Who has or claims to have any knowledge of any of the facts or circumstances upon which your allegations of negligence, causation, or damages are based

6.

State the name, address, telephone number, and places of employment of each physician or other person whom you expect to call as an expert witness at the trial of this case, and with respect to each such person state:

(a) The subject matter on which such person is expected to testify,

(b) The substance of the facts and opinions to which such person is expected to testify,

(c) A summary of the grounds for each such opinion.

7

State the name, business telephone number and business address of each person you have retained or specially employed in anticipation of litigation

-3-

or preparation for trial, whom you do not expect to call as a witness at the trial of this case

8

As to each statement or report (written, taped, or otherwise) which has been made by any person concerning the occurrence complained of, state the following

(a) The name of the person giving such statement or report and the date and place of same,

(b) The names, addresses, and telephone numbers of those persons present or who took such statement or report, and

(c) The subject of each such statement or report

9

Please state the names, addresses, telephone numbers, places of employment, job titles or capacities and present whereabouts of all agents, servants, employees, representatives, private investigators or other who made any investigation of the occurrence complained of in this case on your behalf

10.

Describe fully and completely all photographs, drawings or diagrams of the scene of the occurrence complained of, any other physical object involved in the occurrence complained of, or of you in your injured condition

11.

Please specify each and every type of injury, and portion of your body which you allege to have been injured in the incident complained of

-4-

12

Describe fully what medical attention you have received which you contend to be related to the occurrence complained of <u>since</u> the incident complained of, including the name and address of each doctor or other practitioner of a healing art and the date seen

13

Please describe each hospital, infirmary, clinic, sanitarium, sanatorium or asylum in which you have been a patient at any time <u>since</u> the incident complained of, giving as to each.

    (a) The name by which you were then known,

    (b) The dates of each such admission and discharge,

    (c) The name and address of each such hospital, etc , and

    (d) The reason for each hospitalization, etc.

14

Please give the name and address of any person or persons who have treated you on a regular basis as a personal or "family type" physician

15.

Have you at <u>any time</u> undergone any physical examination, or supplied information concerning your physical condition not heretofore listed in connection with or to qualify or apply for private employment, military or government service, insurance or otherwise?  If so, please state:

    (a) The date of each such examination, application, evaluation, etc , and

-5-

(b) The name and address of the clinic, hospital, physician or other practitioner of a healing art who performed said examination, evaluation, etc

16

If you have suffered any injury, sickness, disability or any other infirmity since the occurrence complained of to your body, please describe each such injury, giving the nature, extent, cause and date thereof.

17.

Describe fully and completely each and every chronic or recurrent impairment of your body or mind which you experienced before the incident complained of.

18

Had you ever had any discomfort, pain or problem of any nature with any of the parts of your body which you allege were injured as a result of the incident complained of before the incident complained of?

19

Describe fully and completely each and every hospital, infirmary, clinic, sanitarium, sanatorium, or asylum in which you have been a patient before the incident complained of

20

Other than as fully shown in your answers to the preceding interrogatory, did you ever undergo any surgery before the date of the incident complained of? If so, please describe fully and completely each such surgery, where, when, and by whom the surgery was performed.

-6-

21.

Other than as fully shown in your answers to the preceding interrogatories, describe fully what psychiatric, chiropractic or other therapeutic care, treatment or examination you received before the date of the incident complained of.

22

Describe fully all claims for personal injury, property damage, hospitalization, medical expense, disability, or worker's compensation that you have made other than the claims made in this civil action

23.

Describe fully every civil action to which you have been a party other than this civil action.

24

Please state the name, address and telephone number of your employer at the time of the incident complained of in this case. In connection with such employment, please state.

(a) The type of work you performed and your job duties in such employment; and

(b) Your hourly, weekly, bi-monthly, monthly, or annual income from each such employment, designating which.

25

Do you claim any disability as a result of any injury sustained in the incident complained of herein? If so, for each such disability state

(a) The part(s) of the body affected; and

-7-

(b) A description of the disability, such as limitation of motion, loss of sensory perception, or as the case may be.

26

If your alleged injuries have prevented you from working at any time since the date of the occurrence complained of, please state

(a) The date or dates that you were unable to work because of your injuries; and

(b) What earnings, if any, you lost by reason of not working each such date

27

State the name, address and telephone number of each of your employers since the date of the occurrence complained of in this case

28

Please itemize and list the dollar amount of all special damages that you claim were incurred as a result of the incident complained of in this case

29

Please identify each and every provision of the applicable building and safety codes of the Georgia Department of Labor and/or the city of Atlanta, Georgia that you contend Defendants violated

30

For each provision identified in response to Interrogatory 29, state the number of the provision, the text of the provision, and the facts that support your allegation that the provision was violated

-8-

Mabry & McClelland LLP • Tenth Floor 2200 Century Parkway N E • Atlanta CA 30345 • (404) 325-4800 • Fax (404) 325-0596

This 21st day of April, 2005.

**MABRY & McCLELLAND, LLP**

By: _Walter B McClean_ by DL
Walter B  McClelland
Georgia Bar No. 483500

By: _____
James W. Scarbrough
Georgia Bar No  628328
Attorneys for Defendant Lend Lease
Real Estate Investments, Inc  and
Monarch Centre Associates, LLC

Mabry & McClelland  LLP • Tenth Floor  2200 Century Parkway  N E  • Atlanta  GA 30345 • (404) 325-4800 • Fax (404) 325-0596

## CERTIFICATE OF SERVICE

This is to certify that I have this day served a copy of the within and

foregoing pleading upon opposing counsel of record by depositing said copy in

the United States Mail, in a properly addressed envelope, with adequate postage

affixed thereon, to:

Mr. Steven A. Suna
**DAVIS, ZIPPERMAN, KIRSCHENBAUM**
**& LOTITO**
918 Ponce de Leon Avenue, NE
Atlanta, Georgia 30306

Mr. Alan Y. Saltzman
**MONTLICK & ASSOCIATES, PC**
17 Executive Park Drive, Ste. 310
P.O. Box 95406
Atlanta, Georgia 30347-0406

Otis Elevator Company
c/o C.T. Corporation System
1201 Peachtree Street
Atlanta, Georgia 30361

Grubb & Ellis Management Services, Inc.
c/o Prentice-Hall Corporation
40 Technology Park
Suite 300
Norcross, Georgia 30092

This 21st day of April, 2005.

James W. Scarbrough

Mabry & McClelland LLP ▪ Tenth Floor 2200 Century Parkway N.E. ▪ Atlanta GA 30345 ▪ (404) 325-4800 ▪ Fax (404) 325-0596

IN THE STATE COURT OF FULTON COUNTY

STATE OF GEORGIA

GEORGE WIMBERLY, JR.,

    Plaintiff,

vs

LEND LEASE REAL ESTATE
INVESTMENTS, INC , OTIS
ELEVATOR COMPANY, MONARCH
CENTRE ASSOCIATES, LLC, GRUBB
& ELLIS MANAGEMENT SERVICES,
INC , and XYZ CORP ,

    Defendants

CIVIL ACTION FILE
NO.  05VS079182C

### FIRST REQUEST FOR PRODUCTION OF DOCUMENTS
### AND TANGIBLE THINGS OF DEFENDANTS,
### TO PLAINTIFF, AND NOTICE TO PRODUCE

NOW COME LEND LEASE REAL ESTATE INVESTMENTS, INC and

MONARCH CENTRE ASSOCIATES, LLC, named as Defendants in the above-

styled case, and file this Request for Production of Documents and Tangible

Things and Notice to Produce pursuant to Official Code of Georgia Annotated

Sections 9-11-34(a) and 24-10-26 and require Plaintiff to comply with said Code

Section within thirty (30) days by producing and permitting attorneys at Mabry &

McClelland, LLP, 2200 Century Parkway, N E , Tenth Floor, Atlanta, Georgia,

30345, to inspect and copy each of the following documents and things

Notwithstanding the foregoing, Plaintiff is further requested pursuant to

Official Code of Georgia Annotated §24-10-26 to produce the documents,

records, photographs and tangible things specified hereinbelow at the time of any

Rule Nisi Hearing, deposition and trial of the above-styled case

-1-

1

Your W-2 forms, 1099 forms and Federal and State income tax returns, including all schedules for the year 2001 (If you do not have any of the requested information, then please produce the executed tax form 4506 of the Internal Revenue Service which is attached hereto.)

2

Your W-2 forms, 1099 forms and Federal and State income tax returns, including all schedules for the year 2002. (If you do not have any of the requested information, then please produce the executed tax form 4506 of the Internal Revenue Service which is attached hereto )

3.

Your W-2 forms, 1099 forms and Federal and State income tax returns, including all schedules for the year 2003. (If you do not have any of the requested information, then please produce the executed tax form 4506 of the Internal Revenue Service which is attached hereto )

4

Your W-2 forms, 1099 forms and Federal and State income tax returns, including all schedules for the year 2004 (If you do not have any of the requested information, then please produce the executed tax form 4506 of the Internal Revenue Service which is attached hereto )

Mabry & McClelland LLP • Tenth Floor 2200 Century Parkway N E • Atlanta GA 30345 • (404) 325-4800 • Fax (404) 325-0528

1

5.

Copies of all medical bills, expenses and drug bills incurred by you in connection with injuries allegedly received in the occurrence giving rise to your complaint in this civil action

6.

Any and all documents relating to loss of earnings which you allege you have sustained by reason of injuries from the subject occurrence.

7.

All medical reports and notes (including hospital records) prepared by any physician or other practitioner of the healing arts who treated you for injuries allegedly received in the incident which is the subject matter of your Complaint

8.

All photographs of any person, place or thing related to the occurrence giving rise to the present lawsuit (you may mail colored photocopies in lieu of the originals if same are legible).

9.

Any written or recorded statement of any witness or party in connection with the subject occurrence

10.

A copy of any transcript of any court proceeding or hearing or any other judicial or quasi-judicial hearing related to the accident giving rise to the present lawsuit

-3-

11.

A copy of any civil complaint in which you have been named as a party other than the lawsuit involved herein.

12

Any books, documents or other tangible things evidencing any fact or circumstances upon which your allegations of negligence, causation and damages are based

13

Any and all documentation record of money paid to you or on your behalf by, or any claim made by you or on your behalf to, an insurance company or other entity because of the incident giving rise to the present lawsuit

14.

Any and all documents and tangible items, including but not limited to, reports, memoranda, papers, notes, studies, photographs, videotapes, graphs, charts, tabulations, analysis, summaries, data sheets, statistical or information accumulations, data processing cards or worksheets and computer-generated documents, including drafts or preliminary revisions or any of the above, prepared in connection with this litigation by or under the direction or supervision of any witness whom you expect to call as an expert witness at the trial of this matter.

15

All documentation of payment of any money to you or on your behalf by an insurance carrier or other entity because of the incident giving rise to the present

-4-

lawsuit, including but not limited to, proof of loss, loan receipt, subrogation agreements, release, covenant not to sue, canceled checks, correspondence.

16

All documentation of any claim for benefits made by you or on your behalf to an insurance carrier or other entity in connection with the accident which gives rise to the present lawsuit

17

Any and all correspondence between the parties in connection with the incident giving rise to the present lawsuit

This 21st day of April, 2005

### MABRY & McCLELLAND, LLP

By _____
Walter B. McClelland
Georgia Bar No 483500

By: _____
James W Scarbrough
Georgia Bar No 628328
Attorneys for Defendants Lend Lease
Real Estate Investments, Inc. and
Monarch Centre Associates, LLC

-5-

| Form **4506** | **Request for Copy of Tax Return** | |
|---|---|---|
| (Rev January 2004) | ▶ Do not sign this form unless all applicable parts have been completed | OMB No 1545 0429 |
| Department of the Treasury Internal Revenue Service | Read the instructions on page 2  ▶ Request may be rejected if the form is incomplete, illegible, or any required part was blank at the time of signature. | |

**TIP** You may be able to get your tax return or return information from other sources  If you had your tax return completed by a paid preparer  they should be able to provide you a copy of the return  The IRS can provide a **Tax Return Transcript** for many returns free of charge  The *transcript provides* most of the line entries from the tax return and usually contains the information that a third party (such as a mortgage company) requires  See new Form 4506-T, Request for Transcript of Tax Return, to order a transcript or you can call 1-800-829-1040 to order a transcript

| 1a Name shown on tax return  If a joint return  enter the name shown first | 1b First social security number on tax return or employer identification number (see instructions) |
|---|---|

| 2a If a joint return  enter spouse's name shown on tax return | 2b Second social security number if joint tax return |
|---|---|

**3** Current name  address (including apt  room  or suite no )  city, state  and ZIP code

**4** Address (including apt., room, or suite no ), city  state  and ZIP code shown on the last return filed if different from line 3

**5** If the tax return is to be mailed to a third party (such as a mortgage company), enter the third party s name, address  and telephone number  The IRS has no control over what the third party does with the tax return

**CAUTION** Lines 6 and 7 must be completed if the third party requires you to complete Form 4506  Do not sign Form 4506 if the third party requests that you sign Form 4506 and lines 6 and 7 are blank

**8** Tax return requested (Form 1040, 1120  941  etc.) and all attachments as originally submitted to the IRS  including Form(s) W 2  schedules, or amended returns  Copies of Forms 1040, 1040A  and 1040EZ are generally available for 7 years from filing before they are destroyed by law. Other returns may be available for a longer period of time  Enter only one return number. If you need more than one type of return, you must complete another Form 4506 ▶

Note: If the copies must be certified for court or administrative proceedings, check here                                                                    ☐

**7** Year or period requested. Enter the ending date of the year or period using the mm/dd/yyyy format  If you are requesting more than four years or periods  you must attach another Form 4506

|  /   /  |  /   /  |  /   /  |  /   /  |
|---|---|---|---|

**8** Fee. There is a $39 fee for each return requested  Full payment must be included with your request or it will be rejected  Make your check or money order payable to "United States Treasury." Enter your SSN or EIN and "Form 4506 request" on your check or money order.

| a  Cost for each return | | **$       39.00** |
|---|---|---|
| b  Number of returns requested on line 7 | | |
| c  Total cost  Multiply line 8a by line 8b | | $ |

**9** If we cannot find the tax return  we will refund the fee  If the refund should go to the third party listed on line 5  check here                    ☐

Signature of taxpayer(s)  I declare that I am either the taxpayer whose name is shown on line 1a or 2a  or a person authorized to obtain the tax return requested  If the request applies to a joint return  either husband or wife must sign  If signed by a corporate officer, partner, guardian  tax matters partner  executor  receiver, administrator, trustee, or party other than the taxpayer  I certify that I have the authority to execute Form 4506 on behalf of the taxpayer

|  | | | Telephone number of taxpayer on line 1a or 2a  (    ) |
|---|---|---|---|
| **Sign Here** | Signature (see instructions) | Date | |
| | Title (if line 1a above is a corporation  partnership  estate  or trust) | | |
| | Spouse s signature | | Date |

For Privacy Act and Paperwork Reduction Act Notice, see page 2                        Cat No 41721E                        Form **4506** (Rev 1 2004)

Form 4506 (Rev 1-2004)                                                                                          Page 2

## Changes To Note

*Section references are to the Internal Revenue Code*

● Form 4506, Request for Copy of Tax Return is now used to request copies of tax returns. Use new Form 4506-T Request for Transcript of Tax Return to request tax return transcripts tax account information W-2 information 1099 information verification of non filing, and record of account

● The fee for a photocopy of a tax return has increased to $39

## Instructions

**Purpose of form.** Use Form 4506 to request a copy of your tax return. You can also designate a third party to receive the tax return See line 5

**How long will it take?** It may take up to 60 calendar days for us to process your request

**Where to file** Attach payment and mail Form 4506 to the address below for the state you lived in when that return was filed There are two address charts one for individual returns (Form 1040 series) and one for all other returns

**Note** *If you are requesting more than one return and the chart below shows two different service centers, mail your request to the service center based on the address of your most recent return*

### Chart for individual returns (Form 1040 series)

| If you lived in and filed an individual return | Mail to the Internal Revenue Service at, |
| --- | --- |
| Maine Massachusetts New Hampshire, New York Vermont | RAIVS Team 310 Lowell St Stop 679 Andover MA 01810 |
| Alabama Florida Georgia, Mississippi North Carolina South Carolina West Virginia Rhode Island | RAIVS Team 4800 Buford Hwy Stop 91 Chamblee GA 30341 |
| Arkansas Colorado Kentucky, Louisiana, New Mexico Oklahoma Tennessee, Texas | RAIVS Team 3651 South Interregional Hwy Stop 6716 Austin TX 78741 |
| Alaska Arizona California Hawaii Idaho Montana, Nevada, Oregon Utah, Washington Wyoming | RAIVS Team Stop 38101 Fresno CA 93888 |
| Delaware, Illinois Indiana Iowa, Kansas Michigan Minnesota Missouri Nebraska North Dakota, South Dakota Wisconsin | RAIVS Team Stop B41-6700 Kansas City MO 64999 |
| Ohio Virginia | RAIVS Team 5333 Getwell Rd Stop 2826 Memphis TN 38118 |

| Connecticut, District of Columbia, Maryland, New Jersey Pennsylvania, a foreign country or APO or FPO address | RAIVS Team DP SE 135 Philadelphia PA 19255-0695 |
| --- | --- |

### Chart for all other returns

| If you lived in | Mail to the Internal Revenue Service at |
| --- | --- |
| Alabama Alaska Arizona, Arkansas California Colorado Florida, Georgia Hawaii Idaho, Iowa Kansas Louisiana Minnesota, Mississippi Missouri, Montana Nebraska Nevada New Mexico, North Dakota Oklahoma Oregon South Dakota, Tennessee Texas Utah, Washington Wyoming | RAIVS Team Mail Stop 6734 Ogden UT 84201 |
| Connecticut Delaware District of Columbia Illinois Indiana Kentucky, Maine Maryland Massachusetts, Michigan, New Hampshire New Jersey New York, North Carolina Ohio, Pennsylvania Rhode Island, South Carolina Vermont Virginia, West Virginia, Wisconsin | RAIVS Team P O Box 145500 Stop 2800F Cincinnati OH 45250 |

**Line 1b** Enter your employer identification number if you are requesting a copy of a business return Otherwise, enter the first social security number (SSN) shown on the return For example if you are requesting Form 1040 that includes Schedule C (Form 1040), enter your SSN

**Signature and date** Form 4506 must be signed and dated by the taxpayer listed on line 1a or 2a If you completed line 5 requesting the return be sent to a third party the IRS must receive Form 4506 within 60 days of the date signed by the taxpayer or it will be rejected

**Individuals** Copies of jointly filed tax returns may be furnished to either spouse Only one signature is required Sign Form 4506 exactly as your name appeared on the original return If you changed your name, also sign your current name

**Corporations** Generally Form 4506 can be signed by (1) an officer having legal authority to bind the corporation (2) any person designated by the board of directors or other governing body or (3) any officer or employee on written request by any principal officer and attested to by the secretary or other officer

**Partnerships** Generally Form 4506 can be signed by any person who was a member of the partnership during any part of the tax period requested on line 7

**All others** See section 6103(e) if the taxpayer has died is insolvent is a dissolved corporation or if a trustee guardian executor receiver or administrator is acting for the taxpayer

**Documentation** For entities other than individuals, you must attach the authorization document For example this could be the letter from the principal officer authorizing an employee of the corporation or the Letters Testamentary authorizing an individual to act for an estate

**Signature by a representative** A representative can sign Form 4506 for a taxpayer only if this authority has been specifically delegated to the representative on Form 2848 line 5. Form 2848 showing the delegation must be attached to Form 4506

**Privacy Act and Paperwork Reduction Act Notice** We ask for the information on this form to establish your right to gain access to the requested return(s) under the Internal Revenue Code We need this information to properly identify the return(s) and respond to your request Sections 6103 and 6109 require you to provide this information including your SSN or EIN, to process your request If you do not provide this information we may not be able to process your request Providing false or fraudulent information may subject you to penalties

Routine uses of this information include giving it to the Department of Justice for civil and criminal litigation and cities states and the District of Columbia for use in administering their tax laws We may also disclose this information to Federal and state agencies to enforce Federal nontax criminal laws and to combat terrorism

You are not required to provide the information requested on a form that is subject to the Paperwork Reduction Act unless the form displays a valid OMB control number Books or records relating to a form or its instructions must be retained as long as their contents may become material in the administration of any Internal Revenue law Generally tax returns and return information are confidential, as required by section 6103

The time needed to complete and file Form 4506 will vary depending on individual circumstances The estimated average time is **Learning about the law or the form,** 10 min **Preparing the form,** 16 min and **Copying, assembling, and sending the form to the IRS,** 20 min

If you have comments concerning the accuracy of these time estimates or suggestions for making Form 4506 simpler we would be happy to hear from you You can write to the Tax Products Coordinating Committee Western Area Distribution Center Rancho Cordova CA 95743-0001 **Do not send** the form to this address Instead see **Where to file** on this page

⊛

## CERTIFICATE OF SERVICE

This is to certify that I have this day served a copy of the within and

foregoing pleading upon opposing counsel of record by depositing said copy in

the United States Mail, in a properly addressed envelope, with adequate postage

affixed thereon, to:

Mr Steven A Suna
**DAVIS, ZIPPERMAN, KIRSCHENBAUM**
    **& LOTITO**
918 Ponce de Leon Avenue, NE
Atlanta, Georgia 30306

Mr Alan Y Saltzman
**MONTLICK & ASSOCIATES, PC**
17 Executive Park Drive, Ste 310
P O. Box 95406
Atlanta, Georgia 30347-0406

Otis Elevator Company
c/o C T Corporation System
1201 Peachtree Street
Atlanta, Georgia 30361

Grubb & Ellis Management Services, Inc
c/o Prentice-Hall Corporation
40 Technology Park
Suite 300
Norcross, Georgia 30092

This 21st day of April, 2005.

James W Scarbrough

Mabry & McCleland LLP · Tenth Floor 2200 Century Parkway N E · Atlanta GA 30345 · (404) 325-4800 · Fax (404) 325 0596

IN THE STATE COURT OF FULTON COUNTY
STATE OF GEORGIA

GEORGE WIMBERLY, JR.,              )
                                  )
            Plaintiff,            )
                                  )        CIVIL ACTION FILE
vs.                               )        NO. 05-VS-79182C
                                  )
LEND LEASE REAL ESTATE            )
INVESTMENTS, INC., OTIS           )
ELEVATOR COMPANY, MONARCH         )
CENTRE ASSOCIATES, LLC, GRUBB     )
& ELLIS MANAGEMENT SERVICES,      )
INC., AND XYZ CORP.,              )
                                  )
            Defendants            )

## ANSWER AND DEFENSES OF DEFENDANT OTIS ELEVATOR COMPANY

COMES NOW Defendant **OTIS ELEVATOR COMPANY** (hereinafter "Otis") and

files its Answer and Affirmative Defenses to Plaintiff's Complaint, respectfully showing the

Court as follows

### FIRST DEFENSE

The Complaint fails to state a claim upon which relief can be granted

### SECOND DEFENSE

All or portions of Plaintiff's Complaint is, or may be, barred by the applicable statute of

limitations and/or statute of repose

### THIRD DEFENSE

Plaintiff failed to exercise proper care for his own safety and, therefore, he cannot recover

of this Defendant whatsoever



## FOURTH DEFENSE

Plaintiff assumed the risk of such injury or damage as he may have sustained and,

therefore, Plaintiff may not recover of this Defendant in any sum or manner whatsoever

## FIFTH DEFENSE

Plaintiff could, by the exercise of ordinary care, have avoided the consequences of any

alleged act or failure to act of this Defendant, and therefore, Plaintiff is not entitled to recover

from this Defendant

## SIXTH DEFENSE

Defendant has breached no duty to owed Plaintiff

## SEVENTH DEFENSE

At all times, this Defendant was in the exercise of that degree of care required by law and,

therefore, Plaintiff may not recover of this Defendant in any sum or manner whatsoever

## EIGHTH DEFENSE

No act or omission to act of this Defendant caused or contributed to cause any injury or

damage which Plaintiff may have sustained and, therefore, Plaintiff may not recover of this

Defendant in any sum or manner

## NINTH DEFENSE

The incident alleged in Plaintiff's Complaint, and the injuries alleged to have resulted

therefrom, are solely and proximately caused by the negligence of a person or persons other than

Defendant, and, therefore, Plaintiff may not recover against Defendant

## TENTH DEFENSE

Responding to the individual allegations of Plaintiff's Complaint, this Defendant shows

as follows

1

This Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 1 of the Complaint and, therefore, can neither admit nor deny same

2

Defendant Otis admits the allegations in Paragraph 2 of the Complaint

3

This Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 3 of the Complaint and, therefore, can neither admit nor deny same

4

Defendant Otis denies any allegation or implication that it is liable to Plaintiff in any manner and denies that it is a joint tortfeasor This Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 4 of the Complaint and, therefore, can neither admit nor deny same

5

Defendant Otis denies any allegation or implication that it is liable to Plaintiff in any manner and denies that it is a joint tortfeasor This Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 5 of the Complaint and, therefore, can neither admit nor deny same

6

This Defendant is without knowledge or information sufficient to form a belief as to the

truth or falsity of the allegations contained in Paragraph 6 of the Complaint and, therefore, can neither admit nor deny same

7

Defendant Otis admits that it contracted with Defendant Monarch Centre Associates, LLC, and Defendant Grubb & Ellis Management Services, Inc , to provide specified maintenance and service for thirteen elevators at Monarch Tower and that this contract was in effect in April 2003  The remainder of the allegations contained in Paragraph 7 of Plaintiff's Complaint are denied

8

This Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 8 of the Complaint and, therefore, can neither admit nor deny same

9

This Defendant is denies the allegations contained in Paragraph 9 of the Complaint

10

This Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 10 of the Complaint and, therefore, can neither admit nor deny same

11

The allegations of Paragraph 11 of the Complaint are denied

12

The allegations of Paragraph 12 of the Complaint are denied

13

The allegations of Paragraph 13 of the Complaint are denied

14

The allegations of Paragraph 14 of the Complaint are denied

15

The allegations of Paragraph 15 of the Complaint are denied

16

This Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 8 of the Complaint and, therefore, can neither admit nor deny same

17

The allegations of Paragraph 17 of the Complaint are denied

Responding to the last unnumbered paragraph and prayer for relief following numbered Paragraph 17, beginning, WHEREFORE, this Defendant denies that Plaintiff is entitled to recover from Defendant Otis in any sum or manner  Defendant Otis additionally denies any and all allegations set forth in paragraphs 1 through 17 of Plaintiff's Complaint which have not been answered

WHEREFORE, having defended and fully answered all allegations of Plaintiff's Complaint, Defendant Otis hereby prays as follows

(a)     That the Plaintiff's Complaint be dismissed in its entirety, with prejudice, and

         judgment entered in favor of the Defendant on all counts,

(b)     That the Defendant be awarded all of its costs and attorneys' fees incurred in

         defending this action,

(c)     For such further and other relief as this Court deems just and equitable, and

(d)     That a trial by jury of twelve be had as to all issues triable by a jury

This _____ day of April, 2005

                              Respectfully submitted,

                              SWIFT, CURRIE, McGHEE & HIERS

                              M. DIANE OWENS
                              Georgia State Bar No. 557490
                              CAROLYN CAIN BURCH
                              Georgia State Bar No. 094515
                              Attorneys for Defendant Otis Elevator Company

The Peachtree, Suite 300
1355 Peachtree Street, N.E.
Atlanta, Georgia 30309
404-874-8800

## CERTIFICATE OF SERVICE

I hereby certify that I have this day served a copy of the within and foregoing *Answer*

*and Defenses of Defendant Otis Elevator Company* upon all parties to this matter by depositing

a true copy of same in the U S Mail, proper postage prepaid, addressed to counsel of record as

follows

> Steven A Suna
> Davis, Zipperman, Kirschenbaum & Lotito
> 918 Ponce de Leon Avenue, N E
> Atlanta, Georgia 30306
>
> Alan Y Saltzman
> Montlick & Associates, P C
> Suite 310
> 17 Executive Park Drive
> P O Box 95406
> Atlanta, Georgia 30347-0406

This 20th day of April, 2005

CAROLYN CAIN BURCH
Georgia State Bar No  094515
Attorney for Defendant Otis Elevator
Company

Swift, Currie, McGhee & Hiers. LLP
The Peachtree, Suite 300
1355 Peachtree Street, N E
Atlanta, Georgia 30309
404-874-8800

**IN THE STATE COURT OF FULTON COUNTY**
**STATE OF GEORGIA**

| | | |
|---|---|---|
| GEORGE WIMBERLY, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| LEND LEASE REAL ESTATE | ) | **CIVIL ACTION FILE** |
| INVESTMENTS, INC., OTIS | ) | **NO. 05-VS-79182C** |
| ELEVATOR COMPANY, MONARCH | ) | |
| CENTRE ASSOCIATES, LLC, GRUBB | ) | |
| & ELLIS MANAGEMENT SERVICES, | ) | |
| INC., AND XYZ CORP., | ) | |
| OTIS ELEVATOR COMPANY, | ) | |
| | ) | |
| Defendants. | ) | |

## DEFENDANT OTIS ELEVATOR COMPANY'S
## DEMAND FOR JURY OF TWELVE

COMES NOW OTIS ELEVATOR COMPANY, Defendant, pursuant to O C G A § 15-

12-122(b), hereby demands in writing, prior to the term of court in which this case will be tried,

that all issues which are properly decided by a jury be tried to a jury of twelve persons

This _____ day of April, 2005

Respectfully submitted,

SWIFT, CURRIE, McGHEE & HIERS

M DIANE OWENS
Georgia State Bar No 557490
CAROLYN CAIN BURCH
Georgia State Bar No 094515
Attorneys for Defendant Otis Elevator Company

## CERTIFICATE OF SERVICE

I hereby certify that I have this day served a copy of the within and foregoing ***Defendant***

***Otis Elevator Company's Demand for Jury of Twelve*** upon all parties to this matter by

depositing a true copy of same in the U S Mail, proper postage prepaid, addressed to counsel of

record as follows

        Steven A Suna
        Davis, Zipperman, Kirschenbaum & Lotito
        918 Ponce de Leon Avenue, N E
        Atlanta, Georgia 30306

        Alan Y Saltzman
        Montlick & Associates, P C
        Suite 310
        17 Executive Park Drive
        F O Box 95406
        Atlanta, Georgia 30347

This _____ day of April, 2005

CAROLYN CAIN BURCH
Georgia State Bar No 094515
Attorney for Defendant Otis Elevator
Company

Swift, Currie, McGhee & Hiers, LLP
The Peachtree, Suite 300
1355 Peachtree Street, N E
Atlanta, Georgia 30309
404-874-8800

IN THE STATE COURT OF FULTON COUNTY
STATE OF GEORGIA

| | | |
|---|---|---|
| **GEORGE WIMBERLY, JR.,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **CIVIL ACTION FILE** |
| **vs.** | ) | **NO. 05-VS-79182C** |
| | ) | |
| **LEND LEASE REAL ESTATE** | ) | |
| **INVESTMENTS, INC., OTIS** | ) | |
| **ELEVATOR COMPANY, MONARCH** | ) | |
| **CENTRE ASSOCIATES, LLC, GRUBB** | ) | |
| **& ELLIS MANAGEMENT SERVICES,** | ) | |
| **INC., AND XYZ CORP.,** | ) | |
| | ) | |
| **Defendants** | ) | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| **GEORGE WIMBERLY, JR.,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **CIVIL ACTION FILE** |
| **vs.** | ) | **NO. _____** |
| | ) | |
| **LEND LEASE REAL ESTATE** | ) | |
| **INVESTMENTS, INC., OTIS** | ) | |
| **ELEVATOR COMPANY, MONARCH** | ) | |
| **CENTRE ASSOCIATES, LLC, GRUBB** | ) | |
| **& ELLIS MANAGEMENT SERVICES,** | ) | |
| **INC., AND XYZ CORP.,** | ) | |
| | ) | |
| ***Defendants*** | ) | |

## NOTICE OF FILING NOTICE OF REMOVAL

Please take notice that OTIS ELEVATOR COMPANY, a Defendant in the above-styled

action, has on this date filed its Notice of Removal, a copy of which is attached hereto, in the



IN THE STATE COURT OF FULTON COUNTY
STATE OF GEORGIA

GEORGE WIMBERLY, JR.,                    )
                                         )
        Plaintiff,                       )
                                         )        CIVIL ACTION FILE
vs.                                      )        NO. 05-VS-79182C
                                         )
LEND LEASE REAL ESTATE                   )
INVESTMENTS, INC., OTIS                  )
ELEVATOR COMPANY, MONARCH                )
CENTRE ASSOCIATES, LLC, GRUBB            )
& ELLIS MANAGEMENT SERVICES,             )
INC., AND XYZ CORP.,                     )
                                         )
        Defendants                       )

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

GEORGE WIMBERLY, JR.,                    )
                                         )
        Plaintiff,                       )
                                         )        CIVIL ACTION FILE
vs.                                      )        NO. _____
                                         )
LEND LEASE REAL ESTATE                   )
INVESTMENTS, INC., OTIS                  )
ELEVATOR COMPANY, MONARCH                )
CENTRE ASSOCIATES, LLC, GRUBB            )
& ELLIS MANAGEMENT SERVICES,             )
INC., AND XYZ CORP.,                     )
                                         )
        Defendants                       )

## NOTICE OF FILING NOTICE OF REMOVAL

Please take notice that OTIS ELEVATOR COMPANY, a Defendant in the above-styled

action, has on this date filed its Notice of Removal, a copy of which is attached hereto, in the

Office of the Clerk of the United States District Court for the Northern District of Georgia,

Atlanta Division

This _____ day of April, 2005

Respectfully submitted,

SWIFT, CURRIE, McGHEE & HIERS

M. DIANE OWENS
Georgia State Bar No 557490
CAROLYN CAIN BURCH
Georgia State Bar No 094515
Attorneys for Defendant Otis Elevator Company

The Peachtree, Suite 300
1355 Peachtree Street, N E
Atlanta, Georgia 30309
404-874-8800

## CERTIFICATE OF SERVICE

I hereby certify that I have this day served a copy of the within and foregoing *Notice of*

*Filing Notice of Removal* upon all parties to this matter by depositing a true copy of same in the

U S Mail, proper postage prepaid, addressed to counsel of record as follows

Steven A Suna
Davis, Zipperman, Kirschenbaum & Lotito
918 Ponce de Leon Avenue, N E
Atlanta, Georgia 30306

Alan Y Saltzman
Montlick & Associates, P C
Suite 310
17 Executive Park Drive
P O Box 95406
Atlanta, Georgia 30347-0406

James William Scarbrough
Mabrey & McClelland
2200 Century Parkway, N E , Tenth Floor
Atlanta, Georgia 30345

Mark W Wortham
Hicks, Casey & Barber
136 North Fairground Street
Suite 100
Marietta, Georgia 30060

This 21 5t day of April, 2005

CAROLYN CAIN BURCH
Georgia State Bar No 094515
Attorney for Defendant Otis Elevator
Company

Swift, Currie, McGhee & Hiers, LLP
The Peachtree, Suite 300
1355 Peachtree Street, N E
Atlanta, Georgia 30309
404-874-8800

1447330v1

## CERTIFICATE OF SERVICE

I hereby certify that I have this day served a copy of the within and foregoing

*Notice of Removal* upon all parties to this matter by depositing a true copy of same

in the U. S. Mail, proper postage prepaid, addressed to counsel of record as

follows.

Steven A. Suna
Davis, Zipperman, Kirschenbaum & Lotito
918 Ponce de Leon Avenue, N.E.
Atlanta, Georgia 30306

Alan Y. Saltzman
Montlick & Associates, P.C.
Suite 310
17 Executive Park Drive
P.O. Box 95406
Atlanta, Georgia 30347-0406

James William Scarbrough
Mabrey & McClelland
2200 Century Parkway, N.E., Tenth Floor
Atlanta, Georgia 30345

Mark W. Wortham
Hicks, Casey & Barber
136 North Fairground Street
Suite 100
Marietta, Georgia 30060

This 21st day of April, 2005.

CAROLYN CAIN BURCH
Georgia State Bar No. 094515

1447358v1

Attorney for Defendant Otis Elevator
Company

Swift, Currie, McGhee & Hiers, LLP
The Peachtree, Suite 300
1355 Peachtree Street, N.E.
Atlanta, Georgia 30309
404-874-8800